UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COREY SPAULDING and<br>SARAH CATHERINE SPAULDING,<br><br>    Plaintiffs,<br><br>    v.<br><br>SENATOR ELIZABETH WARREN, et al.,<br><br>    Defendants. | Civil Action No. 24-12340-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                          November 1, 2024

For the reasons stated below, the Court allows Plaintiff Corey Spaulding's request for leave to proceed *in forma pauperis*, D. 2, and denies the motion for counsel. D. 3. If Corey Spaulding wishes to proceed with this action, the Court grants her until December 6, 2024 to file an amended complaint that provides a proper basis for this Court's jurisdiction and sets forth a plausible claim upon which relief may be granted. If Plaintiff Sarah Catherine Spaulding wishes to proceed as a party to this action, she must file a motion for leave to proceed *in forma pauperis* under her own signature. Plaintiffs are warned that should either attempt to assert claims that are repetitive of claims that have been previously rejected, they may be subject to sanctions.

### I.   Background

On September 16, 2024, Plaintiffs filed a complaint, motion for appointment of counsel and an application to proceed in District Court without prepaying fees or costs (also known as a motion for leave to proceed in forma pauperis). D. 1-3.

The complaint consists primarily of descriptions of harms allegedly caused by numerous defendants. D. 1.  The case caption identifies the defendants as Senators Elizabeth Warren and Ed Markey; U.S. Representative Katherine Clark; "U.S. DOE SOE Cardona"; U.S. Attorney General Garland; Karen Vaz; Robert N. Meltzer; Avi Finder; City of Framingham; Town of Natick; Social Security Commissioner Martin O'Malley; Massachusetts Supreme Judicial Court Chief Justice Kimberly Budd; Office of Bar Counsel Rodney S. Dowell; Board of Bar Counsel Executive Director J. Berman; and Board of Bar Assistant Counsel Christine Deshler.  Id.  Plaintiffs allege that they "are the victims of ongoing criminal conspiracies and retaliation which first began in 2011 when Plaintiff Corey Spaulding first reported municipal fraud to the AG and retaliation and fraud to the US DO Office for Civil Rights." Id. at ¶ 2.

The Court's records indicate that the plaintiffs were previously plaintiffs in the following cases in this District:  Corey Spaulding, et al.  v. Town of Natick et al., No. 23-10017-LTS (dismissed without prejudice Apr. 25, 2023); Spaulding v. City of Framingham, et al., No. 23-12933-LTS (dismissed without prejudice Mar. 6, 2024); Corey Spaulding v. Meltzer et al., No. 23-13222-LTS (dismissed without prejudice Mar. 4, 2024).

## II.     In Forma Pauperis Motion

Plaintiffs' application to proceed in District Court without prepaying fees or costs is signed by Corey Spaulding, but not Sarah Catherine Spaulding. D. 2.

Under federal law, a court may "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . ." 28 U.S.C. § 1915(a)(1).  After review of Corey Spaulding's financial disclosures, signed under the penalty of perjury, the Court concludes that Corey Spaulding is without assets to pay the filing fee and will allow the motion only as to Plaintiff Corey Spaulding.

### III.   Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  The *in forma pauperis* statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Additionally, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Because plaintiffs are proceeding *pro se*, the Court construes the complaint generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### IV.   The Complaint is Subject to Dismissal

Here, the major deficiency with the complaint is that it is essentially a narrative that fails to identify which specific facts are attributed to which claims.  The complaint does not identify a cause of action nor the basis for this Court's subject matter jurisdiction.  The civil cover sheet accompanying the complaint lists the cause of action as conspiracy against rights under 18 U.S.C. § 241.  See D. 1-1.  Section 241 of Title 18, however, does not provide a private right of action and, therefore, cannot be relied upon to state a claim in a civil action.  See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*)(stating that only the United States as prosecutor can bring a

3

complaint under 18 U.S.C. §§ 241-242).  Plaintiffs do not have standing to prosecute criminal such charges against others.  Id.  Thus, this federal statute does not provide a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1332.

The Federal Rules of Civil Procedure place the onus on plaintiffs to submit a pleading that identifies and sets forth, in an organized fashion, the legal causes of action they seek to assert against each defendant, and the factual grounds therefore.  Here, it is unclear what legal claims are asserted against which defendants, making it difficult for any of the defendants to file a meaningful response.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Twombly, 550 U.S. at 555.  "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him."  Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal citation and quotation marks omitted). Rule 8's requirement of a "short and plain statement" protects defendants and courts from the "unjustified burden" of parsing and responding to unnecessarily lengthy pleadings.  Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (internal citation and quotation marks omitted).

Rules 8(d) and 10(b) impose additional requirements intended to advance the fundamental purposes of giving defendants fair notice of the claims asserted against them and permitting them to formulate cogent answers and defenses to those claims.  Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Furthermore, plaintiffs seek to bring in one complaint several different claims against unrelated defendants.  While Rule 18(a) of the Federal Rules of Civil Procedure permits a party

"to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011) (quoting Spencer v. Bender, No. 08–11528–RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010)).  Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  While there might be overlap with some of the parties, plaintiffs are cautioned that it is impermissible to bring multiple unrelated claims against unrelated parties in a single action.

### V.     Plaintiffs' Request for Preliminary Injunctive Relief

The complaint seeks to have this Court "grant a preliminary injunction against Nationstar Mortgage to stop the scheduled October 7, 2024 auction of their home." D. 1 at 1.  "A request for a preliminary injunction is a request for extraordinary relief." Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022).  To issue a preliminary injunction under Fed. R. Civ. P. 65, a district court must find that plaintiff has established that (1) she will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) she is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Voice of the Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  Of those factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

5

Here, Nationstar Mortgage is not named as a party to this action. Except in limited circumstances not relevant here, a court may not order injunctive relief to non-parties to an action. Furthermore, plaintiffs have not certified their efforts to give notice to the adverse party and no motion has been filed nor served on the defendants. See Fed. R. Civ. P. 65(a)(1). Finally, plaintiffs have not sufficiently shown that they have a likelihood of success on the merits as the Court has found the complaint is subject to dismissal.

## VI. Appointment of Counsel

To the extent plaintiffs seek appointment of counsel, the request is denied without prejudice. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a "constitutional right to free counsel." Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). At this early stage of the proceedings, and because the complaint fails to state a claim upon which relief may be granted, the motion for appointment of counsel is denied.

## VII. Plaintiffs May File an Amended Complaint

The complaint is subject to dismissal for the reasons set forth above. To the extent either plaintiff wishes to proceed, an amended complaint must be filed. The case caption of any amended complaint should clearly name each party. See Fed. R. Civ. P. 10(a) (required that "[t]he title of the complaint must name all the parties"). In the "Statement of Claim" section of any amended complaint, plaintiffs should provide "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). Plaintiffs should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b).

The filing of an amended complaint completely replaces the original complaint. Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011). If plaintiffs fail to file an amended complaint in accordance with the instructions set forth herein, this action will be dismissed.

**VIII.    The Court's Power to Enjoin Vexatious Litigants**

"Federal courts possess discretionary powers to regulate the conduct of abusive litigants" and "[t]his includes the ability to enjoin a party—even a pro se party—from filing frivolous and vexatious motions." United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005). Any restrictions, however, must be narrowly tailored to the abusive conduct at issue. See Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) (*per curiam*). To determine whether an injunction is appropriate, the Court looks "to the degree to which indicia supporting such a . . . ban are present in the record." Id.

Judicial resources are limited and should not be diverted to frivolous[1] or vexatious[2] claims. As the Supreme Court has explained, "[e]very paper filed [with the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources." In re McDonald, 489 U.S. 180, 184 (1989) (*per curiam*). This Court has a "responsibility to see that these resources are allocated in a way that promotes the interests of justice." Id. The "continual processing" of repetitious or frivolous actions "does not promote that end." Id.

Here, the plaintiffs previously sought to pursue claims against some of the defendants

---

[1] As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff or the importance the claim has for the plaintiff. Rather, in legal parlance, a complaint is "frivolous," if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted).

named in this action. In those earlier actions, plaintiffs were advised that the complaints were subject to dismissal and were provided opportunities to file amended complaints. Although their motions for counsel were denied, plaintiffs were provided with extensions of time to comply with the Courts' orders. However, after receiving extensions of time, sometimes several, the plaintiffs' failed to comply with the Courts' orders and the cases were eventually dismissed without prejudice.

While the plaintiffs are permitted leave to amend, given their litigation history, they are warned that should they attempt to assert claims that are repetitive of claims that have been previously rejected, they may be subject to sanctions and possible enjoinment from filing further actions in this Court. See, e.g., Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) (concluding that a "plaintiff's duplicative complaint is an abuse of the judicial process"); Childs v. Miller, 713 F.3d 1262, 1265 (10th Cir. 2013) (noting that "[w]hen a *pro se* litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process").

### IX. Conclusion

For the foregoing reasons, it is hereby ORDERED:

1. The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED as only to Plaintiff Corey Spaulding.

2. The motion for counsel, D. 3, is DENIED.

3. If either plaintiff wishes to proceed, by December 6, 2024, (1) Corey and/or Sarah Catherine Spaulding must file an amended complaint that asserts a basis for this Court's subject matter jurisdiction and states a plausible claim for relief, and (2) Sarah Spaulding must file a

...

motion for leave to proceed *in forma pauperis*. Failure to comply with this Order by December 6, 2024 likely will result in the dismissal of this action.

    4.    While the Plaintiffs are permitted leave to amend pursuant to this Order, given their litigation history, they are <u>WARNED</u> that should either of them attempt to assert claims that are repetitive of claims that have been previously rejected, they may be subject to sanctions and/or enjoinment.

    **SO ORDERED.**

/s Denise J. Casper  
Denise J. Casper  
United States District Judge
